# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 23, 2010

No. 09-10434
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IGNATIUS AKPAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-3-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ignatius Akpan, proceeding pro se, appeals his jury conviction of one count
of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and eight
counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2.  The district court
sentenced him to 57 months in prison and to two years of supervised release on
each count, to be served concurrently.

First, Akpan argues that the evidence was insufficient to show that he
knew about James Yarclay's misrepresentations to American Express and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he willfully agreed with Yarclay to intentionally defraud American Express. By moving for judgment of acquittal at the close of the Government's case and by renewing his motion after he presented his defense, Akpan preserved his claim for de novo appellate review. *See United States v. Williams*, 602 F.3d 313, 315 (5th Cir. 2010); FED. R. CRIM. P. 29(a).

To convict Akpan of the conspiracy charge, the Government was required to prove beyond a reasonable doubt: (1) an agreement between Akpan and one or more persons (2) to commit the crime of wire fraud, and (3) an overt act by one of the conspirators in furtherance of that agreement. *United States v. Ingles*, 445 F.3d 830, 838 (5th Cir. 2006). The Government must also demonstrate that Akpan acted with the intent to defraud. *Id.*

The evidence was sufficient to show that Akpan, owner of Union Communication and Utilities Corporation (UCUC), and Yarclay, owner of Universal Internet Concepts, Inc. (UICI), devised a scheme to defraud American Express. Trial testimony revealed that Akpan charged UICI's American Express corporate account for approximately $664,360 in eight separate transactions in March and April of 2004, that American Express transferred $648,082 to Akpan's bank account based on the charges, and that Akpan eventually transferred a total of $319,000 to Yarclay. The jury heard testimony that Akpan inflated UICI's checking account balances by depositing a series of worthless checks, that both Akpan and Yarclay called American Express numerous times to request approval for charges that exceeded UICI's credit limit, that Akpan failed to produce any documents or other evidence to the Government to substantiate the charges to UICI's American Express account, and that Akpan gave inconsistent explanations to investigators for the charges. In light of this testimony, the evidence is sufficient to support Akpan's conviction for conspiracy to commit wire fraud. *See Ingles*, 445 F.3d at 838; *United State v. Bieganowski*, 313 F.3d 264, 276-77 (5th Cir. 2002).

Relatedly, Akpan asserts that he was convicted simply because of his association with Yarclay, and, as such, that his due process rights were violated. The Government may not attempt to prove a defendant's guilt by showing that he associates with "unsavory characters." *United States v. Singleterry*, 646 F.2d 1014, 1018 (5th Cir. 1981). Because Akpan did not object at trial to any guilt-by-association evidence, our review is for plain error. *United States v. Thompson*, 454 F.3d 459, 464 (5th Cir. 2006).

The record reflects that Akpan was not convicted simply because he associated with Yarclay, but rather because the Government presented strong evidence that he conspired with Yarclay to defraud American Express. *Cf. United States v. McCall*, 553 F.3d 821, 827 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 2018 (2009). Akpan has not shown any plain error. *Thompson*, 454 F.3d at 464.

Akpan next argues that the jury instructions failed to include a *Pinkerton*[1] charge. We review this newly raised claim for plain error. FED. R. CRIM. P. 30, 52(b); *United States v. Redd*, 355 F.3d 866, 874–75 (5th Cir. 2003). "Error in a [jury] charge is plain only when, considering the entire charge and evidence presented against the defendant, there is a likelihood of a grave miscarriage of justice." *United States v. Sellers*, 926 F.2d 410, 417 (5th Cir. 1991). In the instant case, the Government was not prosecuting Akpan for any substantive offenses committed by Yarclay in furtherance of the conspiracy. Thus, no *Pinkerton* charge was necessary. Because the jury charge on conspiracy was proper, Akpan has failed to show the likelihood of a grave miscarriage of justice. *See id*.

Akpan also complains that the district court erred in failing to admit defense exhibit # 5, the pro forma invoice, into evidence. This misstates the record. When sustaining the objection to the introduction of the invoice, the

---

[1] *Pinkerton v. United States*, 328 U.S. 640 (1946).

district court explained to Akpan that he must first lay a proper foundation. Akpan, however, did not avail himself of this opportunity as he failed to offer a qualified witness who could lay the proper foundation as required by FED. R. EVID. 803(6) for the admission of the invoice into evidence. Thus, the district court did not abuse its discretion in refusing to admit the document into evidence. *See United States v. Franklin*, 561 F.3d 398, 404 (5th Cir.), *cert. denied*, 129 S. Ct. 2848 (2009); *United States v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008), *cert. denied*, 130 S. Ct. 246 (2009).

Relatedly, Akpan asserts that the district court admitted into evidence all of the Government's exhibits "without inquiring into the substance of each and every evidence as required under Fed. R. Evid. 103." Rule 103 is entitled "Rulings on Evidence" and addresses the procedures by which parties object to evidence and other evidentiary procedures. Akpan, however, fails to explain which documents should have been excluded and why and how the district court failed to follow Rule 103. Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Akpan has failed to adequately brief this argument.

Turning to his sentence, Akpan challenges the two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. He contends that there was insufficient evidence to find that he obstructed justice by suborning the false testimony of Robert Rodriguez and by attempting to introduce a false document, the pro forma invoice, into evidence at trial and producing it to the Government during pretrial discovery; he also argues that the district court's factual findings were inadequate.

The district court's determination that a defendant obstructed justice under § 3C1.1 is a factual finding that this court reviews for clear error. *United States v. Martinez*, 263 F.3d 436, 441 (5th Cir. 2001). Producing a counterfeit document during an official judicial proceeding and suborning perjury are

specific examples of conduct to which the enhancement applies. § 3C1.1, comment. (n.4(b), (c)).

There was sufficient evidence from which the district court could have found that Akpan suborned Rodriguez's testimony and that the invoice was fraudulent. Although Rodriguez testified that he was UCUC's technical manager, that he remembered Akpan working on a deal to purchase cell phones, that he signed the invoice, and that he was involved in executing the invoice, his testimony was directly contradicted by other witnesses and his own testimony on cross-examination. Rodriguez admitted that the only work he performed for UCUC was to install some telephone lines in the ceiling. He offered conflicting, confusing testimony regarding whether he was the technical manager of UCUC or had knowledge regarding the agreement between UCUC and UICI to purchase cell phones. The court could infer from Rodriguez's difficulty in pronouncing the phrase "pro forma" and lack of knowledge as to UCUC's business that he had been encouraged to testify to issues about which he knew nothing. The district court's finding that Akpan obstructed justice by suborning Rodriguez's testimony and producing a fraudulent document is "plausible in light of the record as a whole." *See United States v. Harms*, 442 F.3d 367, 378 (5th Cir. 2006).

Akpan also argues that the district court failed to make specific factual findings regarding Rodriguez's testimony and the pro forma invoice. The district court adopted the factual findings contained in the PSR, and those findings were sufficient to encompass the four elements of subornation of perjury. *See United States v. Dunnigan*, 507 U.S. 87, 95 (1993). Specifically, the district court found that Rodriguez's testimony regarding his job title and the contents of the pro forma invoice were false. Moreover, we can conclude that the testimony was material because it was designed to affect the outcome of the trial by showing that an agreement existed between UCUC and UICI for the purchase of cell phones, which, in turn, would have substantiated the American Express charges

and that Rodriguez intended to testify falsely because he knew that he was not working for UCUC in February 2004. The PSR stated that Akpan presented Rodriguez as a witness to testify on behalf of UCUC regarding the pro forma invoice. The PSR also stated that the invoice was produced to the Government in pretrial discovery and presented at trial "to refute the allegations of the offense," which was sufficient to establish that the document was "material" and had been produced in an attempt to influence the trial. *See United States v. Como*, 53 F.3d 87, 90 (5th Cir. 1995); *see also United States v. Storm*, 36 F.3d 1289, 1295 (5th Cir. 1994). Akpan has not shown any clear error by the district court.

Next, Akpan argues that his sentence is procedurally and substantively unreasonable because the district court miscalculated his guidelines range when it imposed the obstruction-of-justice enhancement. Although Akpan requested a sentence at the low end of the guidelines range, he did not object to the calculation of his guidelines range or to the substantive reasonableness of his sentence. Accordingly, review is for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Because we have determined that the district court did not err by imposing the obstruction-of-justice enhancement, Akpan has not established that his guidelines range was miscalculated; thus, he has failed to establish plain error in that regard. In addition, Akpan has not set forth any argument overcoming the presumption of reasonableness afforded his within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Accordingly, he has not shown that his sentence is procedurally or substantively unreasonable.

Finally, Akpan complains that the district court miscalculated the amount of restitution because it failed to subtract $64,940 for a payment that UICI made to American Express, the $14,625 that American Express seized from Akpan, and the $165 charged by American Express for three months of administrative fees.

Because Akpan did not object to the restitution amount, we review for plain error. *See United States v. Maturin*, 488 F.3d 657, 659-60 (5th Cir. 2007). The record reflects that UICI's payment and the amount seized from Akpan were already subtracted from the total loss. Accordingly, he is not entitled to receive additional credit for these amounts. Further, Akpan has set forth no cogent argument explaining why he is entitled to receive credit for the alleged administrative fees that he paid to American Express. Accordingly, the district court did not plainly err in requiring Akpan to pay $584,793 in restitution. *See id.*

AFFIRMED.