**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2012

Lyle W. Cayce
Clerk

No. 11-40982
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN JEFF WOODARD, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-638-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

John Jeff Woodard, Jr., pleaded guilty, pursuant to a written plea agreement, to one count of bank fraud, in violation of 18 U.S.C. §§ 1344(1) and 2. The district court sentenced him to 51 months of imprisonment, to be followed by 60 months of supervised release. The court also ordered Woodard to pay $2,474,579.30 in restitution, consisting of $1,062,611.86, payable to Mitchell Chaney; $900,800, payable to Elsa State Bank; and $511,167.44, payable to Texas State Bank.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Woodard challenges the district court's compliance with Rule 11 of the Federal Rules Criminal Procedure. In that vein, he argues that the district court erred by accepting his guilty plea because there was no factual basis for his plea, as demonstrated by the evidence presented during the sentencing hearing. However, as the Government correctly asserts, Woodard waived any challenge to the Rule 11 admonishments by advising the district judge at rearraignment that he had complied with Rule 11. *See United States v. Reveles*, 190 F.3d 678, 683 & n.6 (5th Cir. 1999). Further, because Woodard withdrew his motion to withdraw guilty plea (which included the argument that he lacked the requisite criminal intent to support a bank fraud conviction), review of his present challenge to the factual basis is foreclosed. *See id.* at 683.

Next, he challenges the correctness of the restitution order. "This court reviews the legality of a restitution order de novo and the amount of the restitution order for an abuse of discretion." *United States v. Arledge,* 553 F.3d 881, 897 (5th Cir. 2008). Although Woodard generally objected to the proposed restitution order in the district court, he did not present his instant challenges. Accordingly, our review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Maturin*, 488 F.3d 657, 659-60 (5th Cir. 2007). "[A]n order of restitution must be limited to losses caused by the specific conduct underlying the offense of conviction." *Arledge,* 553 F.3d at 899. However, "[w]here a fraudulent scheme is an element of the conviction, the court may award restitution for 'actions pursuant to that scheme.'" *United States v. Cothran,* 302 F.3d 279, 289 (5th Cir. 2002) (citation omitted). A scheme or artifice to defraud is an element of bank fraud. *See* 18 U.S.C. § 1344.

At sentencing, Woodard presented no evidence to support his current claim that the three identified victims of the check kiting scheme were complicit in or accomplices to the scheme. In fact, Woodard's arguments regarding his business partner, Mitchell Chaney, stand in stark contrast to statements Woodard made in his objections to the presentence report that Chaney was not aware of the

scheme. The district court did not err by determining that Chaney, Elsa State Bank, and Texas State Bank were victims for restitution purposes. *See United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005); *Cothran*, 302 F.3d at 289.

Also without merit is Woodard's argument that restitution payable to Chaney was improper because he was not named in Count One of the indictment, i.e., the offense of conviction. *See United States v. Pepper*, 51 F.3d 469, 473 (5th Cir. 1995); *United States v. Stouffer,* 986 F.2d 916, 928 (5th Cir. 1993). Similarly without merit is Woodard's conclusory argument that restitution to Texas State Bank was improper because Count One did not set forth any specific dollar amount or checks attributable to that bank. *See United States v. Wright*, 496 F.3d 371, 380-82 (5th Cir. 2007). Finally, with respect to Elsa State Bank, Woodard points to no authority that would make it plain that it was error to order restitution in the same amount as a civil judgment award rendered for the same loss. This claim therefore fails plain error review. *See Puckett*, 556 U.S. at 135.

Woodard also challenges the 16-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1), arguing only that the district court "committed plain error by using a sentence enhancement based on an improper restitution amount." However, as recognized by the district court, the enhancement was based on the "actual loss" sustained by the victims, not the amount of the restitution order. *See* § 2B1.1, comment. (n.3(a)(1)). Moreover, Woodard has not sufficiently briefed an argument that the district court erred in its methodology or in the amount of loss it calculated when it applied a 16-level enhancement for the total loss amount under the Guidelines. Further, he does not challenge the alternative loss amount adopted by the district court. Thus, Woodard has waived any challenge to the enhancement. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

AFFIRMED.