## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2013

No. 12-41058
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ORLANDO HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-350-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Orlando Hernandez appeals an order that he pay restitution to the owner of a fence Hernandez damaged while fleeing police. He contends that the court was not authorized by 18 U.S.C. § 3663 to award restitution for the cost of repairing the fence.

We review Hernandez's contention for plain error because he did not raise it in the district court where he disputed only the proof of the cost of repairs. *See United States v. Maturin*, 488 F.3d 657, 659-60 (5th Cir. 2007); *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Hord*, 6 F.3d 276, 280 n.7 (5th Cir. 1993). We decline Hernandez's invitation to apply de novo review under *United States v. Chemical & Metal Industries, Inc.*, 677 F.3d 750, 752 (5th Cir. 2012) (*C&M*). In *C&M* the Government conceded that a restitution order was "impermissible because there was no finding of loss." *Id.* There is no such concession here. Moreover, *C&M* does not overrule our prior panel decisions applying plain-error review to restitution orders. *See United States v. Achobe*, 560 F.3d 259, 268 n.29 (5th Cir. 2008); *see also Maturin*, 488 F.3d at 659-60; *Hord*, 6 F.3d at 280 n.7.

Hernandez must show an error that was "clear or obvious, rather than subject to reasonable dispute" and that the error affected his substantial rights. See *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have discretion to correct the error if it seriously affects the integrity, fairness or reputation of the proceedings. *Id.*

Hernandez argues that restitution based on repair costs is impermissible under *United States v. Mitchell*, 876 F.2d 1178, 1183-84 (5th Cir. 1989). The court in *Mitchell* noted that § 3663(b)(1) "limits restitution in property cases to return of the property or, if that is inadequate, to the value of the property when stolen less its value when returned." *Id.* at 1184. It is unclear in this case how measuring restitution based on repair costs is significantly different than measuring it based on the pre-crime value of the property, "[g]iven that the ordinary meaning of 'restitution' is restoring someone to a position he occupied before a particular event." *Hughey v. United States*, 495 U.S. 411, 416 (1990). Other circuits hold that the cost of repairs is a proper measure of restitution for property damage. *See United States v. Sharp*, 927 F.2d 170, 174 (4th Cir. 1991) (applying § 3663(b)); *United States v. Quillen*, 335 F.3d 219, 222-23 (3d Cir. 2003) (following *Sharp* and distinguishing *Mitchell* as applying to stolen property). The issue of whether restitution is available for the repair of damaged property is "subject to reasonable dispute," which means there is no clear or obvious error. *Puckett*, 556 U.S. at 135.

Even if it was an error to use repair costs rather than pre-crime value in setting restitution, nothing suggests that the error affected Hernandez's substantial rights. By relying on *Mitchell*, Hernandez appears not to dispute that he could have properly been ordered to pay restitution based on the value of the fence under § 3663(b)(1). And he does not argue that restitution for repair was more onerous than restitution for value would have been. Because there is no adverse affect on Hernandez's substantial rights, there is no plain error. *Cf. Maturin*, 488 F.3d at 663 (finding that an error affected the defendant's substantial rights where he was required to pay $100,000 more than the proven losses). In any event, we would decline to exercise our discretion to set aside the restitution order because requiring Hernandez to pay $1450 for damage he undisputedly caused does not affect the fairness, integrity, or reputation of his proceedings. *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.