# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50141
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HEIDI BERYL BEYER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-253-2

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Heidi Beryl Beyer pleaded guilty to one count of wire fraud. The district court varied downward to a sentence of 72-months of imprisonment. Beyer was also sentenced to serve a three-year term of supervised release and pay restitution in the amount of $ 9,525,031.77, jointly and severally with her codefendant. Beyer contends that the district court procedurally erred by failing to calculate her guidelines range. She further asserts that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50141

court procedurally erred by failing to consider the need to avoid unwarranted sentence disparities among the similarly situated defendants in fraud cases that she identified in an attachment to her sentencing memorandum. *See* 18 U.S.C. § 3553(a)(6).

These specific procedural arguments were not raised by Beyer before the district court. When a specific claim of procedural error raised on appeal was not raised in the district court, this court's review is for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). Thus, Beyer must show an error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The record refutes Beyer's argument that the district court did not calculate her guidelines sentence. The presentence report (PSR) detailed how the probation officer made the guidelines sentence range calculations. Neither Beyer nor the Government objected to the PSR, which the district court expressly adopted at sentencing. Thus, the district court made the required guidelines sentence range calculations, and Beyer's argument is without merit. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). Further, the sentencing transcript and the district court's written order explaining Beyer's sentence indicate that the district court considered all of the § 3553(a) factors when imposing Beyer's 72-month sentence. *Cf. United States v. Willingham*, 497 F.3d 541, 545 (5th Cir. 2007). Accordingly, Beyer has failed to show that the district court committed procedural error when imposing her below-guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Puckett*, 556 U.S. at 135.

No. 13-50141

Beyer also argues that her 72-month sentence is substantively unreasonable because the fraud guidelines are excessive and have been criticized by judges and politicians. She further contends that her 72-month sentence contradicts several of the § 3553(a) factors. We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. *See Gall*, 552 U.S. at 51.

The argument that Beyer's below-guidelines sentence is unreasonable because the fraud guidelines lack an empirical basis and result in excessive sentences is without merit. *See United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2773 (2012). The district court concluded that a downward variance to 72 months of imprisonment was "a reasonable sentence" based on the § 3553(a) factors. Beyer essentially seeks to have her sentence vacated based on a reweighing of the § 3553(a) factors by this court. *See Gall*, 552 U.S. at 51. She has failed to show that her 72-month sentence is unreasonable. *See id.*; *United States v. Murray*, 648 F.3d 251, 258 (5th Cir. 2011).

The district court ordered Beyer to pay restitution in the amount of $9,525,031.77 pursuant to 18 U.S.C. § 3663A, also known as the Mandatory Victim Restitution Act of 1996 (MVRA). *See United States v. Maturin*, 488 F.3d 657, 660 (5th Cir. 2007). On appeal, Beyer contends that the amount of restitution ordered by the court is improper because it exceeds the total losses related to her offense of conviction. Because Beyer did not object in the district court to the restitution order, we review for plain error. *See id.* at 659-60.

Because a fraudulent scheme is an element of Beyer's conviction, *see* 18 U.S.C. § 1343, the district court was entitled to include within its restitution order all losses within the specific temporal scope of the indictment, i.e., from April 2008 until October 2011. *See United States v. Inman*, 411 F.3d 591, 595

(5th Cir. 2005); *United States v. Stouffer*, 986 F.2d 916, 928-29 (5th Cir. 1993). The district court was also entitled to rely on information contained in the PSR as to the amount of loss occurring during this time frame because Beyer offered no evidence contesting the PSR and did not show that it was inaccurate or unreliable. *See United States v. Ford*, 558 F.3d 371, 376-77 (5th Cir. 2009). Accordingly, Beyer has failed to show that the district court plainly erred in ordering her to pay restitution in the amount of $ 9,525,031.77 jointly and severally liable with her codefendant. *See Maturin*, 488 F.3d at 659-60; 18 U.S.C. § 3664(h).

AFFIRMED.