# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11292
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LOUIS ALEXANDER HAWKINS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-499-2

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Louis Alexander Hawkins, Jr., appeals the sentence imposed following his convictions for conspiracy to interfere with commerce by robbery and possession of a firearm in furtherance of a crime of violence. He was sentenced to a total of 157 months of imprisonment and two years of supervised release and ordered to pay $980 in restitution.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11292

Review of the enhancement for reckless endangerment during flight pursuant U.S.S.G. § 3C1.2 and the restitution award pursuant to 18 U.S.C. § 3663A is for plain error because Hawkins did not object. *See United States v. Maturin*, 488 F.3d 657, 559-660 (5th Cir. 2007); *United States v. Cabral-Castillo*, 35 F.3d 182, 188-89 (5th Cir. 1994). To show plain error, Hawkins must show that the error was clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Hawkins fails to make these showings. The district court's factual finding that he fled from law enforcement is not reviewable for plain error. *See United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). The source of the shot that damaged the victim's property is also a question of fact that is not reviewable for plain error, and Hawkins fails to show that this damage was clearly and obviously outside the scope of his offenses of conviction. *See Olano*, 507 U.S. at 734.

The judgment of the district court is AFFIRMED.