# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-50049
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 6, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Courtez Rashaud Black,

*Defendant—Appellant*,

consolidated with

———————————

No. 24-50054

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Cortez Black,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 7:10-CR-197-2, 7:08-CR-60-4

_____

Before RICHMAN, DOUGLAS, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Courtez Rashaud Black contests the above-guidelines sentence of thirty-six months of imprisonment he received on revocation of his supervised release. *See* 18 U.S.C. § 3583(e)(3). In 2008, Black was convicted of conspiracy to possess with intent to distribute five grams or more of crack cocaine under the previous version of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). At the time of his conviction, § 841(b)(1)(B)(iii) carried a maximum sentence of forty years of imprisonment, making it a Class B felony. 18 U.S.C. § 3559(a)(2). In light of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, Black would now only qualify for § 841(b)(1)(C) for his offense of conspiracy to possess with intent to distribute five grams or more of crack cocaine, which is a Class C felony because it has a twenty-year statutory maximum. 18 U.S.C. § 3559(a)(3).

In calculating Black's statutory maximum in imposing a revocation sentence, the district court classified the underlying offense as a Class B felony instead of a Class C felony. Black did not object, and he did not move for a reduction of his sentence based on the First Step Act.

On appeal, Black argues that it was a clear error for the district court to not consider the retroactive effect of the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222, on the felony classification of his 2008 offense. Because he did not object in the district court, review is for

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

plain error. *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). To prevail on plain error review, Black must show (1) an error (2) that is clear or obvious and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies the first three requirements, we should remedy the error "if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

Black has not cited any controlling decision from us holding that the district court must *sua sponte* consider the First Step Act in imposing a revocation sentence. *See United States v. Scott*, 821 F.3d 562, 570–71 (5th Cir. 2016). Additionally, it is not "indisputably" evident "from a reading of the plain statutory language" of the First Step Act that a district court must *sua sponte* consider the effects of the First Step Act in this context. *See* Pub. L. No. 115-391, § 404, 132 Stat. at 5222; *United States v. Maturin*, 488 F.3d 657, 663 (5th Cir. 2007). Finally, Black's reliance on *United States v. Jones*, No. 22-30480, 2023 WL 6458641, at *4 (5th Cir. Oct. 4, 2023) (unpublished), is misplaced as he has not shown that the district court here believed "that it was required to apply the law as it stood" in 2008 when Black was originally convicted. Accordingly, Black has failed to show that the district court committed a clear or obvious error.

AFFIRMED.