# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2025

Lyle W. Cayce
Clerk

No. 24-30492
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Dorin Munteanu Racu,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:14-CR-154-1

---

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Dorin Munteanu Racu first challenges his within-Guidelines 60-months' sentence, imposed following his guilty-plea conviction for possession with intent to use five or more false identification documents, in violation of 18 U.S.C. § 1028(a)(3). Racu contends the district court erred in making its relevant-conduct determinations supporting the calculation of the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

loss amount and number of victims attributable to him under the Sentencing Guidelines.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Guidelines provide for a 14-level increase to defendant's base offense level where the offense of conviction resulted in a total loss of more than $550,000 but not more than $1,500,000. U.S.S.G. § 2B1.1(b)(1)(H). If the offense of conviction involved ten or more victims, defendant's offense level is increased by two levels. § 2B1.1(b)(2)(A)(i). When determining the amount of loss and the number of victims, the district court must consider defendant's relevant conduct, which includes "all reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity". *United States v. Hammond*, 201 F.3d 346, 351 (5th Cir. 1999) (quoting U.S.S.G. § 1B1.3(a)(1)(B)).

"A district court's determination of what constitutes relevant conduct . . . is [a factual finding,] reviewed for clear error." *United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999). In that regard, "a factual finding is not clearly erroneous so long as it is plausible in light of the record as a whole". *United States v. Mauskar*, 557 F.3d 219, 232 (5th Cir. 2009) (citation omitted).

The record establishes that Racu:  conspired with foreign actors on numerous occasions to help launder the proceeds of fraudulent sales; recruited another individual to further assist in the money laundering; and transferred $35,152 on a single day.  Based on the record as a whole, the district court could plausibly find that the scope of the conspiracy and the associated loss amounts were reasonably foreseeable to Racu.  *See id.* Further, the court could plausibly find it was reasonably foreseeable to Racu that the conspiracy involved at least ten victims.  In short, Racu fails to show that the court's relevant-conduct determinations were implausible and constituted clear error.  *See id.*

Racu's other challenge is to the restitution order to the extent that it relies upon the same claimed flawed relevant-conduct determinations.  He contends the restitution order holds him accountable for victims of the entire conspiracy without evidence connecting their losses to his conduct.  We assume, without deciding, that his challenge was preserved. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008) (pretermitting resolution of standard of review when claim fails under less deferential standard).  Our court reviews the legality of a restitution order *de novo* and the amount of the restitution order for an abuse of discretion. *See United States v. Beacham*, 774 F.3d 267, 278 (5th Cir. 2014).  "[C]lear error review applies to the background factual findings that determine whether or not a particular method is appropriate." *United States v. Borino*, 123 F.4th 233, 245 (5th Cir. 2024) (citation omitted).

The Mandatory Victims Restitution Act (MVRA) defines a "victim" of the offense as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered".  18 U.S.C. § 3663A(a)(2).  Generally, unless a "fraudulent scheme is an element of the conviction", defendant "is only responsible to pay restitution for the conduct underlying the offense for which he has been convicted". *United States v.*

*Maturin*, 488 F.3d 657, 661 (5th Cir. 2007) (citation omitted). But, § 3663A(a)(3) provides an exception that, "if agreed to by the parties in a plea agreement", the court must order "restitution to persons other than the victims of the offense". *See Maturin*, 488 F.3d at 661–62. As part of his plea agreement, Racu agreed that the district court could order restitution that was "not limited to the amounts or victims referred to in the specific charge(s) to which he had pleaded guilty".

Because the plea agreement constitutes an exception to the MVRA's usual limit on the scope of restitution, it was not error for the court to order restitution for any losses arising from "relevant conduct". *United States v. Mathew*, 916 F.3d at 510, 516 (5th Cir. 2019). Accordingly, the district court did not err as a matter of law by broadening the scope of the restitution order; and, for the same reasons Racu's relevant-conduct challenge fails, he likewise fails to show that the court's relevant-conduct determinations underlying the restitution order were implausible and constituted clear error. *See* § 3663A(a)(3); *Maturin*, 488 F.3d at 661.

AFFIRMED.