# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10246

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff – Appellee

v.

JESSICA CHRISTINE BAGLEY

Defendant – Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-188-1

Before DAVIS, ELROD, and COSTA*, Circuit Judges.

PER CURIAM:**

This appeal presents the question whether the district court committed plain error when it ordered Jessica Christine Bagley to pay restitution based on conduct beyond her offense of conviction.

---

* Judge Costa participated by designation in this case as a United States District Judge for the Southern District of Texas. Since that time, he has been appointed as a Fifth Circuit Judge.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10246

## I.

Bagley pleaded guilty to one count of possessing a forged and counterfeit security in violation of 18 U.S.C. § 513(a).  The security at issue was a blank counterfeit check.  It was one of many that Bagley and others had created using stolen identities.

Although the count to which she was pleading guilty involved a blank check and thus caused no loss, the factual resume Bagley signed at the plea colloquy stated that the penalty for her conviction may include "restitution to victims . . . which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone."  The district court also orally confirmed this understanding before Bagley entered her plea.

The Presentence Report (PSR) noted that restitution is ordinarily limited to the offense of conviction, but characterized Bagley's acknowledgement in the factual resume as an agreement that she would "pay restitution as a result of all relevant conduct."  The relevant conduct assessment, which was also used to determine Bagley's Sentencing Guidelines range, found $7,918.57 in actual loss attributable to counterfeit checks that were used during the scheme.  Bagley did not object to either this calculation or the PSR's recommendation that restitution should include relevant conduct.  The district court followed the PSR and ordered Bagley to pay restitution of $7,918.57.

## II.

Because Bagley challenges the restitution order for the first time in this appeal, we review for plain error.  To demonstrate plain error, an appellant must show an error that is clear and obvious and that affected her substantial rights.  *Puckett v. United States,* 556 U.S. 129, 135 (2009) (citing *United States v. Olano,* 507 U.S. 725, 732–34 (1993)).  If the appellant makes such a showing,

No. 13-10246

this court has the discretion to remedy the error, but should do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We first consider whether it was error to impose restitution based on relevant conduct. "The general rule is that a district court can award restitution to victims of the offense, but the restitution award can encompass only those losses that resulted directly from the offense for which the defendant was convicted." *United States v. Maturin,* 488 F.3d 657, 660–61 (5th Cir. 2007). If the offense is conspiracy or a crime such as wire fraud that includes a "scheme" as an element, harm resulting from the entire charged conspiracy or scheme may be included. 18 U.S.C. § 3663(a)(2); *United States v. Cothran*, 302 F.3d 279, 289 (5th Cir. 2002). The PSR describes a conspiracy and scheme in which Bagley participated, but she pleaded guilty to the discrete offense of possessing a forged and counterfeit security. The offense of conviction thus did not support awarding restitution for all relevant conduct.

A court may, however, award restitution to victims of conduct beyond the offense of conviction "if agreed to by the parties in a plea agreement." 18 USC § 3663(a)(1)(A). The government contends that Bagley's written and oral acknowledgement at the plea colloquy constituted such an agreement. But this court rejected such an argument earlier this year, holding that a similar statement in a factual resume was not a plea agreement. *See United States v. Benns*, 740 F.3d 370, 378 (5th Cir. 2014). The government, which noted *Benns* in a Rule 28(j) letter, argues that Bagley's more frequent acknowledgements that she could be subject to restitution based on relevant conduct (both at the colloquy and in failing to object to the PSR) warrants a different result here. It remains the case, however, that there was no exchange of consideration that characterizes a plea agreement. *Benns* thus controls, rendering the restitution order an error that was "clear and obvious." *Id.* at 377.

3

No. 13-10246

Because the error resulted in Bagley having to pay restitution the law does not require, it affected her substantial rights. *United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005).

That leaves the final consideration under *Olano*—whether the error affected the fairness, integrity, or public reputation of the judicial proceeding. Contrary to the government's assertion, *Benns* did find that the restitution error in that case met this standard. 740 F.3d at 378 ("When a defendant is ordered to pay restitution in an amount greater than the loss caused, the error affects substantial rights as well as the fairness and integrity of the judicial proceeding." (quoting *United States v. Austin*, 479 F.3d 363, 373 (5th Cir. 2007))). There is a distinction, however: *Benns* ordered restitution based on a relevant conduct calculation that was found to be erroneous, whereas in this case Bagley has never disputed that her relevant conduct caused loss in the amount of $7,918.57. Although the former situation has a greater impact on the fairness and integrity of the proceeding, our court has vacated restitution orders on plain-error review that imposed restitution beyond the count of conviction even when the relevant conduct calculation was correct. *See Inman*, 411 F.3d at 595 (finding that a restitution order for a wire fraud conviction that included loss beyond the charged dates of the scheme warranted reversal under *Olano*); *see also, e.g.*, *United States v. Mason*, 722 F.3d 691, 694–95 (5th Cir. 2013) (same for a mortgage fraud conviction). That precedent warrants the same result in Bagley's case.

## III.

For the reasons stated above, we VACATE the district court's order of restitution and REMAND to the district court for modification consistent with this opinion.