REAVLEY, Circuit Judge:
After six days of trial, San Juanita Gallegos Lozano entered into an oral plea agreement and pleaded guilty to Count Two of a thirteen-count indictment relating to a conspiracy to defraud Medicare and Medicaid. Count Two referred to a conspiracy involving “La Hacienda Clinic” that began “on or about” April 30, 2005. Count One, meanwhile, referred to a conspiracy pertaining to the “Mission Clinic” that began “on or about” September 20, 2001. Consistent with Count Two, the factual basis proffered by the government and agreed to by the defendant established that the conspiracy began “on or about April 30th, 2005.” In describing the fraudulent scheme, the factual basis did not identify either clinic.
At sentencing the district court ordered restitution based on losses traceable to both La Hacienda Clinic and Mission Clinic beginning on September 20, 2001. Lo-zano did not object to the calculation of restitution but asserts on appeal that the district court plainly erred by ordering restitution based on losses traceable to the Mission Clinic and based on losses occurring prior to April 30, 2005. Given the factual basis underpinning Lozano’s guilty plea, the government agrees the district' court committed plain error by ordering restitution based on losses that occurred prior to April 30, 2005, but argues the district court properly included losses traceable to the Mission Clinic conspiracy. For the reasons that follow, we affirm in part and reverse in part.
I.
We ordinarily review the legality of a restitution order de novo. United States v. Adams, 363 F.3d 363, 365 (5th Cir.2004). Here, however, because the defendant failed to the object to the restitution calculation, we review for plain error. United States v. Maturin, 488 F.3d 657; 659-60 (5th Cir.2007). We must determine if there was error, if it was plain, and if it affected the defendant’s substantial rights. Id. at 660. “When all three of these requirements are met, we will exercise our discretion to correct the error if it seriously affects the fairness, integrity or public reputation of judicial proceedings.” United States v. Inman, 411 F.3d 591, 595 (5th Cir.2005) (internal quotations and brackets omitted).
II.
A.
“[W]here a fraudulent scheme is an element of the conviction, the court may award restitution for ‘actions pursuant to that scheme.’ ” United States v. Cothran, 302 F.3d 279, 289 (5th Cir.2002) (quoting United States v. Stouffer, 986 F.2d 916, 928 (5th Cir.1993)). “When a defendant is convicted of fraud' pursuant to a plea agreement,” we “define[] the underlying scheme by referring to the mutual understanding of the parties.” Adams, 363 F.3d at 366. “The mutual understanding reached by parties during plea negotiations is normally not detailed in the original charging document, and is more often gleaned from any superceding indictments, plea agreements, and statements made by *538 the parties during plea and sentencing hearings.” Id. at 367.
The parties agree that fraud was an element of the crime of conviction, meaning the district court did not err by-including losses related to both clinics if the parties mutually understood the agreed-upon scope of the fraudulent scheme extended to cover both clinics. There is substantial evidence in the record to suggest Lozano understood her guilty plea to encompass the Mission Clinic conspiracy.
While Lozano now argues it was error to include losses related to Mission Clinic, at sentencing Lozano (both personally and through her counsel) took responsibility only for losses relating to Mission Clinic. For example, by disclaiming any connection to La Hacienda co-conspirator .Anthony Puig, Lozano effectively asserted she had nothing to do with the La Hacienda conspiracy and that her wrongdoing was confined to the Mission Clinic. Objecting to a sentence enhancement based on the intended amount of loss, Lozano’s counsel “ask[ed] the Court perhaps consider the actual amount of loss just as to the Mission Clinic,” and asserted “our position is that the amounts attributed to Hacienda Clinic were so remote” that criminal liability was unwarranted, Lozano’s counsel seemingly thus confirmed that the scope of the conspiracy at least included Mission Clinic. After arguing before the trial court that Lozano should be held accountable only for losses relating to Mission Clinic, Loza-no’s argument on appeal that she should not be held “responsible for losses related to the Mission Clinic conspiracy” because she did not understand that her guilty plea encompassed that “separate” fraudulent scheme is unconvincing.
On this record, we would have no trouble concluding Lozano and the government mutually understood that the fraudulent scheme to which Lozano pleaded guilty included the Mission Clinic conspiracy. It is enough for us to say, however, that if this conclusion is somehow erroneous, the error is not “clear or obvious.” See United States v. Coil, 442 F.3d 912, 916 (5th Cir.2006). We will not upset the order of restitution for losses traceable to Mission Clinic.
B.
The order is challenged on the further grounds that it requires restitution for losses sustained outside the proper temporal scope. Here, according to both the indictment and the factual basis recited by the government, the temporal scope of the offense of conviction was April 30, 2005 through January 10, 2006. Nonetheless, the district court ordered restitution based on losses commencing September 20, 2001. The parties agree that this was plain error and that remand is appropriate.
As previously stated, because this case involved a fraudulent scheme, the district court was authorized to award restitution for “actions pursuant to that scheme.” Cothran, 302 F.3d at 289. “However, the restitution for the underlying scheme to defraud is limited to the specific temporal scope of the indictment.” Inman, 411 F.3d at 595; see also United States v. Mason, 722 F.3d 691, 693 (5th Cir.2013). In other words, “[a]n award of restitution cannot compensate a victim ... for losses caused by conduct that falls outside, the temporal scope of the acts of conviction.” United States v. Sharma, 703 F.3d 318, 323 (5th Cir.2012).
As discussed above, because the conviction was secured via a guilty plea, our focus cannot be solely on the indictment. With respect to the temporal scope of the scheme, however, there is no ambiguity. As the government concedes in its *539 briefing, “[t]he factual basis limited the temporal scope of the scheme to April 30, 2005, through January 10, 2006.” In confirming the factual basis for Lozano’s guilty plea, the district court asked Lozano to confirm that “sometime between on or about April 30th in 2005 and continuing until on or about January 10th of 2006” she committed the acts constituting a conspiracy to defraud Medicare and Medicaid, and Lozano affirmed these facts. Because the restitution award accounted for losses sustained prior to April 30, 2005, the district court erred. See Inman, 411 F.3d at 595.
We have repeatedly found plain error where a district court awards restitution based on losses that occurred outside the proper temporal scope. See, e.g., Mason, 722 F.3d at 694; Inman, 411 F.3d at 595; see also United States v. De Leon, 728 F.3d 500, 508, n. 36 (5th Cir.2013). While none of those cases involve a plea agreement, here the factual basis unambiguously defined the temporal scope of the offense of conviction. When reciting the factual basis in court, the prosecutor twice stated the offense began on or about April 30, 2005. The district court cited that same temporal scope on the record. Moreover, we have previously found error when, after a plea agreement, the district court awarded restitution based in part on losses that occurred prior to the proper temporal scope. See Sharma, 703 F.3d at 323. The error was plain.
By the government’s reckoning, the restitution was excessive in the amount of $80,533.93. The error affected Lozano’s substantial rights. See Inman, 411 F.3d at 595.
While the parties agree that reversal and remand is proper, we must independently determine whether, in light of the foregoing, the error seriously affected “the fairness, integrity or public reputation of judicial proceedings.” Id. Even at this juncture, reversal is not automatic. United States v. Escalante-Reyes, 689 F.3d 415, 425 (5th Cir.2012) (en banc). In every case where a district court plainly erred by ordering restitution for losses that occurred outside the proper temporal scope, we'have exercised our discretion to correct the problem. See Mason, 722 F.3d at 695; Inman, 411 F.3d at 595; see also Maturin, 488 F.3d at 663. The error here improperly increased the restitution amount by more than $80,000 and merits correction. See Inman, 411 F.3d at 595.
III.
We exercise our discretion to VACATE the restitution order and REMAND to the district court for recalculation of the restitution amount in accordance with this opinion. The conviction and sentence are otherwise AFFIRMED.