# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11331

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JESSICA CHRISTINE BAGLEY,

Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-188

Before PRADO, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

This is Defendant–Appellant Jessica Bagley's second appeal regarding her sentence. Previously, we vacated the district court's restitution order and remanded for modification consistent with our opinion. On remand, the district court resentenced Bagley de novo and imposed a fine in lieu of restitution. Bagley appeals again, now arguing that the district court was barred from imposing a fine or otherwise modifying her sentence beyond removing its restitution order. Because we agree, the fine is vacated.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11331

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In November 2012, Bagley pleaded guilty to one count of possession of counterfeit securities in violation of 18 U.S.C. § 513(a) and was sentenced to 37 months imprisonment and ordered to pay $7,917.56 in restitution. In its written judgment, the district court noted that it did not impose a fine because Bagley did not have the financial resources to pay one.

Bagley appealed the district court's restitution order, arguing that it was not related to the conduct for which she was convicted. This Court agreed and stated in conclusion: "[W]e VACATE the district court's order of restitution and REMAND to the district court for modification consistent with this opinion." *United States v. Bagley*, 578 F. App'x 343, 345 (5th Cir. 2014). The mandate issued along with our opinion provided that "it is ordered and adjudged that the judgment of the District Court is vacated, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court."

On remand, both Bagley and the Government argued that the district court was confined by the mandate rule to only remove the order of restitution. Nevertheless, the district court concluded that our opinion and mandate had broadly intended to vacate the entirety of the sentence. At resentencing, the district court gave Bagley the same term of imprisonment and, over counsel's objections, imposed a fine of $5,000. Bagley timely appealed.

## II.  DISCUSSION

"The mandate rule . . . prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006) (per curiam) (footnote omitted). This Circuit has taken a restrictive view of this principle. *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998); *see also United States v. Lee*, 358 F.3d 315, 322–23 (5th

2

No. 14-11331

Cir. 2004). While other circuits permit a district court on remand to conduct resentencing de novo unless otherwise directed, we take the opposite view. *Marmolejo*, 139 F.3d at 531 ("This court specifically rejects the proposition that all resentencing hearings following a remand are to be conducted *de novo* unless expressly limited by the court in its order of remand."); *see also Lee*, 358 F.3d at 322–23, 223 n.4.

> Under our rule,

> [t]he only issues on remand properly before the district court are those issues arising out of the correction of the sentence ordered by this court. In short, the resentencing court can consider whatever this court directs–no more, no less. All other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below.

*Marmolejo*, 139 F.3d at 531. Despite our narrow construction, we recognize several exceptions to this rule. *See Pineiro*, 470 F.3d at 205. A district court may deviate from our principle of "no more, no less" in the following situations: "(1) [i]ntroduction of evidence at a subsequent trial that is substantially different; (2) an intervening change in controlling authority; and (3) a determination that the earlier decision was clearly erroneous and would work a manifest injustice." *Id.* at 205–06. "We review *de novo* a district court's interpretation of our remand order, including whether the law-of-the-case doctrine or mandate rule forecloses any of the district court's actions on remand." *Id.* at 204 (emphasis omitted).

In our prior opinion, we stated that: "[W]e VACATE the district court's order of restitution and REMAND to the district court for modification consistent with this opinion." *Bagley*, 578 F. App'x at 345. The district court interpreted this language as vacating the entirety of the sentence and inviting resentencing de novo. We disagree. On its face, our prior instruction to the district court did not invite a wholesale reconsideration of Bagley's sentence.

3

No. 14-11331

Rather, we instructed the district court to modify Bagley's sentence to reflect our holding that its decision to impose restitution was in error.

Nor was the issue of a fine "made newly relevant" by our ruling in Bagley's initial appeal. We have previously held that where an "issue is 'made newly relevant by the court of appeal's decision,'" the district court may be entitled to consider that issue on remand. *Lee*, 358 F.3d at 324–25 (quoting *United States v. Whren*, 111 F.3d 956, 960 (D.C. Cir. 1997)). This principle, however, does not apply so broadly that a district court may reconsider any aspect of a sentence when part of that sentence is vacated on appeal. *See Marmolejo*, 139 F.3d at 529–32. Here, the district court initially decided not to impose a fine due to Bagley's inability to pay. The issue of a fine was not raised on appeal and our prior opinion did not discuss it. While the district court may have thought that restitution was closely related to the issue of a fine, our decision did not open the door for the court to reconsider an issue not raised by the parties or ruled on by this Court on appeal.

Finally, this case does not fall within one of the recognized exceptions to the mandate rule. In its opposition, the Government suggests that the mandate rule should not be strictly applied here because "the evidence on remand was substantially different than the evidence at the first sentencing." According to the Government, the district court had new evidence on remand because the Presentence Report ("PSR") had been amended to note that absent an order of restitution, Bagley could pay a fine if it was "at the low end of the guideline range . . . provided she is allowed to make monthly installment payments."

First, this evidence was not new. Bagley's financial situation and potential for employment were the same at her initial sentencing as at her resentencing. *See Gene & Gene, L.L.C. v. Biopay L.L.C.*, 624 F.3d 698, 704–05 (5th Cir. 2010) (stating that the substantially different evidence exception does not apply where the evidence was known or could have been discovered

4

through reasonable diligence). Second, the PSR addendum does not constitute the type of substantially different evidence we have held triggers this exception. *See Comeaux v. Sutton*, 496 F. App'x 368, 371 n.1 (5th Cir. 2012) (per curiam) (holding that the exception for substantially different evidence applied where "[e]xtensive evidence was added to the record after [the circuit court's] decision . . . , including [the plaintiff]'s deposition, the deposition of [another witness], and the defendants' depositions.").

## III.  CONCLUSION

For the foregoing reasons, we hold that the district court erred in imposing a fine on remand. Accordingly, the district court's order imposing a fine of $5,000 is vacated.