# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2018

Lyle W. Cayce
Clerk

No. 16-41172
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FLORENCE B. KROMA, also known as Florence Kamara, also known as Florence Koroma, also known as Florence Bangura,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CR-165-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Florence B. Kroma appeals the sentence imposed after her conviction by a jury of nine counts of health care fraud. She challenges the district court's adoption of the uncontroverted $775,099.09 loss amount reflected in her presentence investigation report (PSR) as the basis for (1) a 14-level enhancement to her offense level pursuant to U.S.S.G. § 2B1.1(b)(1)(H) and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41172

(2) a restitution award in that amount. We review these unpreserved arguments for plain error. *See United States v. Hearns*, 845 F.3d 641, 648 (5th Cir.), *cert. denied*, 137 S. Ct. 2143 (2017); *United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005).

With respect to the § 2B1.1(b)(1)(H) offense-level enhancement, the district court was entitled to adopt the PSR's findings, including the calculation of the loss amount, "without additional inquiry if those facts have an evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information is materially unreliable." *Hearns*, 845 F.3d at 650 (internal quotation marks and citation omitted). Kroma did not present rebuttal evidence or demonstrate that the loss amount was materially unreliable, and she fails to demonstrate on appeal that the PSR lacked an evidentiary basis with sufficient indicia of reliability; accordingly, she fails to establish that the district court erred by sentencing her based on the loss amount in the unrebutted PSR. *See United States v. Ayika*, 837 F.3d 460, 467 (5th Cir. 2016).

With respect to the restitution award, Kroma is correct, and the Government concedes, that the district court erred by awarding restitution for losses outside the specific temporal scope of the fraudulent scheme charged in the indictment, and that the error was clear or obvious and affected Kroma's substantial rights. *See United States v. Lozano*, 791 F.3d 535, 537 (5th Cir. 2015); *United States v. Mason*, 722 F.3d 691, 695 (5th Cir. 2013); *Inman*, 411 F.3d at 595. We have previously held that failing to correct this type of error would "constitute manifest injustice in the minds of most jurists," *Mason*, 722 F.3d at 695, and "[i]n every case where a district court plainly erred by ordering restitution for losses that occurred outside the proper temporal scope,

No. 16-41172

we have exercised our discretion to correct the problem," *Lozano*, 791 F.3d at 539.  We exercise our discretion to correct the error in this case as well.

Accordingly, we **VACATE** the restitution award and **REMAND** to the district court for recalculation of the amount of restitution in accordance with this opinion.  In all other respects, Kroma's conviction and sentence are **AFFIRMED**.  Kroma's motion for appointment of substitute counsel is **DENIED**.