# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10430
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

DEBORAH PETTY,

     Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-498-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Deborah Petty seeks vacatur of her conviction for seven counts of identity fraud under 18 U.S.C. § 1028 and one count of aggravated identity theft under 18 U.S.C. § 1028A, contending that venue was improper. We conclude, however, that the government met its light burden to prove proper venue and AFFIRM the conviction. Alternatively, Petty seeks vacatur of the court's restitution award of $44,438 and the forfeiture order of $15,562. Because the restitution was awarded for the wrong set of acts, and the forfeiture order

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10430

appears inextricably tied to restitution, we VACATE the restitution award and forfeiture order and REMAND for reconsideration in light of this decision.

## I.

Petty was convicted of seven counts of identity theft, which is committed where one

> knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law.

18 U.S.C. § 1028(a)(7) (2012).

Petty was also convicted of one count of aggravated identity theft, which is committed where

> during and in relation to [knowingly and with intent to defraud possess[ing] fifteen or more . . . unauthorized access devices], [one] knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person.

18 U.S.C. §§ 1028A(a)(1), 1029(a)(3) (2012).

Petty maintains that these convictions were improper because she was prosecuted in the wrong venue. Federal Rule of Criminal Procedure 18 establishes that a "prosecution shall be had in a district in which the offense was committed." Petty denies that her offense took place in the Northern District of Texas. On this ground, she made an oral motion for judgment of acquittal, but after supplemental briefing the district court denied that motion. Petty contends that this denial was erroneous.

This court "review[s] a district court's denial of a motion for judgment of acquittal *de novo*." *United States v. Campbell*, 52 F.3d 521, 522 (5th Cir. 1995). "Where a defendant argues that the government failed to adduce evidence sufficient to support venue for a particular count, 'we view the evidence in the light most favorable to the Government, drawing all reasonable inferences in

favor of the verdict.'" *United States v. Solis*, 299 F.3d 420, 444 (5th Cir. 2002) (quoting *United States v. Loe*, 248 F.3d 449, 465 (5th Cir. 2001)).   The government must prove venue only by a preponderance of the evidence and may rely entirely on circumstantial evidence. *Loe*, 248 F.3d at 465.  Thus, this court "will affirm the verdict where a rational jury could conclude 'that the government established venue by a preponderance of the evidence.'" *United States v. Thomas*, 690 F.3d 358, 368 (5th Cir. 2012) (quoting *United States v. Garcia Mendoza,* 587 F.3d 682, 686 (5th Cir. 2009)).

Petty does not contest that, in the Northern District of Texas, she "knowingly . . . possesse[d] . . . without lawful authority, [some] means of identification" of seven other persons.  Indeed, she does not deny that she had a box full of other people's medical records.  Instead, she denies that she illicitly possessed the documents in the Northern District "with intent to commit, or to aid or abet, or in connection with, any unlawful activity."  For this reason, she contends that she did not commit identity theft in the Northern District.

Yet a rational jury could well conclude otherwise by a preponderance of the evidence.  Leave aside that Petty's documents were plainly connected with previous unlawful activity, namely food-stamp fraud in Florida that was established by evidence presented to the jury.  Beyond that, there is evidence of "intent to commit" unlawful activity in the Northern District.  For example, Petty sought a job in Dallas at Epic Health Services, where she could gain access to patient information.  Also, there was a notation in her notepad indicating that, in Texas, food-stamp applicants must be on Medicaid.  Moreover, Petty tried to retrieve the box of stolen identities from her daughter's house after law enforcement began to investigate her.  A rational jury could infer by a preponderance of the evidence that Petty intended to keep committing fraud in Texas.

No. 19-10430

Similarly, a rational jury could well conclude by a preponderance of the evidence that Petty committed aggravated identity theft in the Northern District of Texas. Petty does not deny that she possessed the requisite number of food-stamp access devices nor that she possessed means of identification without lawful authority during and in relation to her knowing possession of access devices. Instead, she insists that she had no intent to defraud while in the Northern District. The same evidence, however, that supports Petty's "intent to commit" fraud for purposes of § 1028(a)(7) also supports her "intent to defraud" for purposes of § 1029(a)(3) and § 1028A(a)(1). Thus, Petty's challenges to venue fail.

## II.

Petty also contests the restitution award of $44,438, maintaining that this amount represents losses suffered by the victim(s) of Petty's fraud before the date range charged in the indictment. Because Petty did not object to the restitution award in the district court, this court reviews the district court's restitution order for plain error. *See United States v. Lozano*, 791 F.3d 535, 537 (5th Cir. 2015). In this case, though, the government concedes that the restitution award contains an "error or defect" that is "clear or obvious" and affected Petty's "substantial rights." *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009). Thus, Petty must show only that the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano,* 507 U.S. 725, 736, 113 S. Ct. 1770, 1779 (1993)).

Petty meets that standard by pointing to multiple cases in which this court has remedied plain error in similar circumstances. *Cf. United States v. Lozano*, 791 F.3d 535, 539 (5th Cir. 2015); *United States v. Mason*, 722 F.3d 691, 695 (5th Cir. 2013); *United States v. Inman*, 411 F.3d 591, 595 (5th Cir. 2005); *United States v. Maturin*, 488 F.3d 657, 663 (5th Cir. 2007). Of course,

4

the facts of each case must be considered, but against the background of those cases, erroneously ordering payment of more than $40,000 from a defendant who is not wealthy and whose criminal gains may be subject to a forfeiture order, lead us to conclude that this error seriously affects the fairness or public reputation of judicial proceedings and merits correction.

## III.

Finally, Petty challenges  the order of forfeiture against her because it was indexed to the erroneous restitution award.  At sentencing, she raised the more extensive objection that the "unusual" combination of this restitution award and forfeiture order constitute "double payment to the government." Determining that the more extensive objection at sentencing preserved the more modest objection on appeal, "[w]e review the district court's findings of fact under the clearly erroneous standard of review, and the question of whether those facts constitute legally proper forfeiture *de novo*." *United States v. Marmolejo*, 89 F.3d 1185, 1197 (5th Cir. 1996).  We note that the order of forfeiture was based on a finding that Petty could not forfeit more than $15,562, which finding was, in turn, based on the finding that Petty would have to pay $44,438 in restitution.  This last finding is clearly erroneous, and therefore the order of forfeiture must be reconsidered.  In vacating the forfeiture and restitution orders, we do not instruct or confine the district court's exercise of discretion to assess those amounts on remand.

## CONCLUSION

The judgment of conviction is **AFFIRMED**.  The restitution award and the order of forfeiture are **VACATED** and **REMANDED** for resentencing in light of this decision.