# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2020

Lyle W. Cayce
Clerk

No. 19-40748
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SHANNON KEITH HARRIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CR-14-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Shannon Harris appeals the life sentence imposed upon the grant of his motion for resentencing under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  Harris was originally sentenced to a mandatory term of life imprisonment for conspiracy to possess and possession of cocaine base

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

with intent to distribute. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii); 21 U.S.C. § 846. After passage of the First Step Act and the Fair Sentencing Act of 2010, Harris was no longer subject to a mandatory life term. The district court declined to conduct a plenary resentencing and sentenced Harris within the guidelines range of 360 months to life.

A ruling on a motion to resentence under the First Step Act is generally reviewed for abuse of discretion. *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 2020 WL 1906710 (U.S. Apr. 20, 2020) (No. 19-8036). A district court abuses its discretion if its decision is based on an error of law or a clearly erroneous assessment of the evidence. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011); *see United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019).

First, Harris contends that the district court erred by failing to recalculate the guideline range and sentence him according to the current guidelines, but he concedes that that argument is foreclosed by *Hegwood*, 934 F.3d at 418–19. Next, he contends that his sentence is procedurally and substantively unreasonable. The government responds that reasonableness review does not apply because it does not apply in similar proceedings under 18 U.S.C. § 3582(c)(2). *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). We need not decide the extent to which reasonableness review is called for, because Harris cannot succeed even under the ordinary standard. *See United States v. Richardson*, 960 F.3d 761, 764 (6th Cir. 2020).

Harris maintains that the district court procedurally erred by miscalculating the guideline range and failing adequately to explain the sentence or address his arguments for a lower sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Harris posits that the career-offender enhancements under U.S.S.G. § 4B1.1 did not apply at the time of the original sentencing. This issue is subject to plain error review. *See Puckett v. United States*,

No. 19-40748

556 U.S. 129, 135 (2009); *United States v. Mason*, 722 F.3d 691, 693 (5th Cir. 2013). We have not decided whether, in a First Step Act proceeding, a district court must or may revisit an error made in the original sentencing hearing. Accordingly, Harris cannot demonstrate that the court plainly erred by failing to do so. *See United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007). Further, because the record shows that the district court considered the arguments, the evidence, and the 18 U.S.C. § 3553(a) factors, the court did not err by failing to explain the sentence or to respond to Harris's arguments. *See Rita v. United States*, 551 U.S. 338, 357 (2007); *United States v. Rodriguez*, 523 F.3d 519, 525–26 (5th Cir. 2008).

Finally, Harris asserts that his sentence does not account for factors that should have received significant weight and that the district court erred in balancing the sentencing factors. Harris's arguments that the district court should have given more consideration to his personal history and characteristics and the nature and circumstances of his offense amount to disagreements over how the factors "presented for the court's consideration should have been balanced," which is not sufficient to overcome the presumption of reasonableness applicable to his within-guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 557 (5th Cir. 2006). Moreover, unwanted sentencing disparities among similarly situated defendants are not entitled to significant weight when the sentence falls within the guideline range. *See United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011).

The judgment of sentence is AFFIRMED.