# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40620
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-490-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jesus Lopez appeals the district court's restitution order imposed following his guilty plea to receiving and distributing child pornography in interstate and foreign commerce, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1), and 2256. He argues for the first time on appeal that the district court cannot order him to pay restitution for conduct not charged in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40620

indictment, i.e. any child pornography downloaded or distributed outside the time period of September 1, 2013, to March 31, 2015.

Our review of this unpreserved objection is for plain error. *See United States v. Mason*, 722 F.3d 691, 693 (5th Cir. 2013). To succeed on plain error review, Lopez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

District courts are required to order restitution for offenses involving child pornography. 18 U.S.C. § 2259(a). Generally, a restitution award can only include losses that directly resulted from the offense of conviction. *Paroline v. United States*, 134 S. Ct. 1710, 1731-32 (2014). However, "[t]he court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3); *see United States v. Maturin*, 488 F.3d 657, 661 (5th Cir. 2007). This court construes a plea agreement under normal principles of contract interpretation. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

Lopez has not shown that the district court erred, plainly or otherwise. Lopez's plea agreement specifically provided that he would pay "full restitution" to all victims "regardless of the count(s) of conviction." While Lopez argues that he interpreted the agreement to mean he would pay restitution only to victims of charged offenses in the indictment, the plea agreement has no such limitation against providing restitution to victims whose images Lopez downloaded before September 2013. *See United States v. Miller*, 406 F.3d 323, 329-30 (5th Cir. 2005). The district court's interpretation

No. 16-40620

of the plea agreement is not clearly erroneous. *See id.* Therefore, the judgment of the district court is AFFIRMED.