# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3782

_____

United States of America,

*Plaintiff - Appellee,*

v.

Kenneth R. Davis,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 28, 2017
Filed: May 24, 2017
[Unpublished]

_____

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Kenneth Davis appeals the 30-year sentence imposed by the district court[1] after
he pleaded guilty to producing child pornography, pursuant to a written plea

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the
Western District of Missouri.

agreement that contained a waiver of the right to appeal or collaterally challenge his conviction and sentence. Davis's counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Davis has filed a pro se supplemental brief.

Two of the arguments before us—a challenge to the substantive reasonableness of the sentence, and a challenge to the calculation of the advisory Guidelines range— fall within the scope of the appeal waiver. We will enforce the appeal waiver as to those arguments, because the record demonstrates that Davis entered into the plea agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). The remaining arguments arguably are not barred by the appeal waiver, *see United States v. Bradford*, 806 F.3d 1151, 1154-55 (8th Cir. 2015), but we need not decide, because they fail on the merits.

Specifically, we find no merit to counsel's argument that the gender of the attorneys representing the parties in this matter adversely affected the sentence imposed. Contrary to Davis's argument, the district court properly pronounced the Guidelines range as 360 months, because the 30-year statutory maximum was less than the Guidelines range of life in prison. *See* U.S.S.G. § 5G1.1(a). We also reject Davis's contention that the court committed plain error warranting relief by mentioning only some of the factors set forth in 18 U.S.C. § 3553(a), by failing to explain adequately the sentence imposed, and by not explicitly addressing Davis's arguments for leniency. *See United States v. Chavarria-Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016); *United States v. Godsey*, 690 F.3d 906, 912 (8th Cir. 2012); *United States v. Jones*, 509 F.3d 911, 915 (8th Cir. 2007). We also see no plain error in the district court's order of restitution, given that Davis agreed in his plea agreement to make restitution to certain victims of criminal activity that was uncharged or charged in counts that were dismissed. *See* 18 U.S.C. § 3663(a)(3); *United States v. Lopez*, No. 16-40620, 2017 WL 1239723, at *1 (5th Cir. Apr. 3, 2017) (per curiam).

Finally, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal falling outside the scope of the appeal waiver.  Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____