# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40621
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

JOEL PAUL CHILDERS,

Defendant–Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CR-37-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges

PER CURIAM:*

Pursuant to a written plea agreement, Joel Paul Childers pleaded guilty to two counts of production of child pornography. The district court sentenced him to a total of (1) 500 months of imprisonment; (2) ten years of supervised release; (3) a $10,000 assessment under the Justice for Victims of Trafficking Act of 2015 (JVTA); (4) $15,000 restitution for "PIA," "MYA," and "AVA"; (5) $10,000 restitution for "VICKY"; and (6) a $200 mandatory special

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assessment.    For the first time on appeal, he challenges both the JVTA assessment and the restitution order.

The Government has filed a motion for summary dismissal based on the appeal-waiver provision in Childers's plea agreement.  We deny that motion because it is unclear under our precedent whether Childers's appellate challenges fall under a reserved exception in that agreement for sentences that exceed the statutory maximum and because Childers cannot prevail even if the appellate waiver does not bar those challenges.

The JVTA requires a district court to impose a special assessment "of $5,000 on any non-indigent person or entity convicted" under, as relevant here, chapter 110 of title 18, including 18 U.S.C. § 2251, Childers's statute of conviction.  18 U.S.C. § 3014(a)(3).  Childers argues that the district court erred by imposing this assessment because the relevant findings in the presentence report (PSR) indicated that he was indigent at the time of sentencing. Although some of the PSR's information based on Childers's self-reported financial status suggested that he was indigent, other financial data in the record signaled to the contrary.  Moreover, the district court's finding that Childers could not pay the Guidelines fine range for his offense did not contradict its imposition of the JVTA assessment.  Accordingly, Childers has failed to show any plain error in this regard. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Streaty*, 735 F. App'x 140, 140-41 (5th Cir. 2018).

Childers also contends that the district court erred by ordering him to pay restitution to certain victims of his dismissed criminal counts.  Although he acknowledges that a district court is required to order restitution to a victim pursuant to 18 U.S.C. § 2259, he asserts that the restitution recipients in this case did not qualify as "victims" under § 2259(c) because they were not victims

of his specific counts of conviction.  He also argues that this court reviews the legality of a restitution order de novo, regardless of whether the challenge was preserved.

We need not determine the applicable standard of review because Childers cannot prevail even under de novo review.  Pursuant to his plea agreement, Childers agreed "that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by [his] criminal conduct, even if such losses resulted from crimes not charged or admitted by [him] in the factual basis."  The district court's restitution order was therefore in conformity with that plea agreement and authorized under 18 U.S.C. § 3663(a)(3).  *See United States v. Maturin*, 488 F.3d 657, 661 (5th Cir. 2007).    Childers has therefore failed to show error, plain or otherwise, regarding the restitution order.  *See United States v. Lopez*, 684 F. App'x 375, 376 (5th Cir. 2017).

AFFIRMED; MOTION FOR SUMMARY DISMISSAL DENIED.