# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-10267

_____

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Adam Rey Bopp,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-40-1

_____

Before Smith, Higginson, and Willett, *Circuit Judges*.

Don R. Willett, *Circuit Judge*:

Adam Rey Bopp was indicted for knowingly possessing "material"—a cell phone—that contained child pornography. Even though the phone had thousands of such images, the indictment specifically described only four. Bopp pleaded guilty under a plea agreement. After sentencing, the district court ordered Bopp to pay restitution to several individual victims whose likenesses appeared in some images from Bopp's phone. But these images were among those that the indictment did not specifically describe. Bopp argues that restitution is available only to victims who appeared in the four images specified in the indictment. We disagree and AFFIRM.

No. 22-10267

I

In July 2020, the FBI began tracking a file-sharing network that hosted child pornography. Agents soon identified a device that had accessed the network over 60 times and had downloaded tens of thousands of images and videos of child pornography. They tracked the device to a group home where several registered sex offenders lived in Fort Worth, Texas. One of the residents was Adam Rey Bopp. Officers found an Android smartphone on Bopp's person when they searched the home. Bopp volunteered the phone's passcode to the FBI. He also admitted to previously serving time for having child pornography on his computer. Still, Bopp insisted that he had not looked at child pornography for "decades." He also said that the phone contained no such images. The phone said otherwise. A forensic examination revealed 28,166 images and 6 videos of child pornography.

Bopp was indicted on two related counts. Count One charged Bopp with knowingly possessing "material" containing an image of child pornography involving a prepubescent minor in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The indictment specifically charged possession of "one Motorola Moto G Stylus android cellular phone that contained the following described image files visually depicting [pornographic images of a prepubescent minor]." And the count listed and described four specific images found on Bopp's phone. Count Two correspondingly charged Bopp with receiving child pornography under 18 U.S.C. § 2252A(a)(2) and (b)(1).

Bopp pleaded guilty to Count One under a plea agreement. His plea waived most of his appellate rights:

> The Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, order of restitution, and any order of forfeiture. The Defendant further waives his right to contest the conviction, sentence, fine, order of restitution, and order of

No. 22-10267

forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.

The Defendant, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

In exchange, the Government agreed to drop Count Two and to not bring "additional charges . . . based upon the conduct underlying and related to" Count One.

The parties produced a factual resume to accompany the plea agreement. The resume's language tracked the indictment's language. But the resume also included the elements of the Count One offense:

First: That the defendant knowingly possessed an item that contains an image of child pornography, as alleged in the indictment;

Second: That the material was produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

Third: That when the defendant possessed the material, the defendant knew the material contained child pornography; and

Fourth: One of the child pornography images the defendant possessed depicted a prepubescent minor engaged in sexually explicit conduct.

Additionally Paragraphs 2 and 3 included the following factual admissions:

2. On or about January 28, 2021, FBI agents served a search warrant at his home in Fort Worth, Texas. Bopp was in possession of a Motorola Moto G Stylus android cellular phone

No. 22-10267

that contained the child pornography images described in paragraph one [the same prepubescent images described in the indictment].

3. Bopp admits that he knowingly possessed child pornography, and that he knew . . . that some of the images he possessed depicted a prepubescent minor engaged in sexually explicit conduct.

The district court accepted Bopp's plea. And Probation got to work preparing the Presentence Investigation Report (PSR).

The PSR noted that Bopp's phone had 28,166 images and 6 videos of child pornography. Each video counted as 75 images. For purposes of the Sentencing Guidelines, the PSR recommended holding Bopp accountable for 28,616 images of child pornography. Probation submitted the PSR to the court. Bopp did not file any written objections to the PSR.

Meanwhile, Probation sent all the images from Bopp's phone to the National Center for Missing and Exploited Children for victim identification. That Center identified four individuals, but only after Probation had already submitted the PSR. Probation then included an addendum to the PSR to identify these victims, and it recommend that Bopp pay $3,000 in restitution to each. Both the Government and Bopp objected to the addendum. The Government sought larger restitution amounts for some victims. Bopp objected to any restitution, arguing that it exceeded the statutory maximum penalty.

The district court overruled both the Government's and Bopp's objections. First, the court declined to institute steeper restitution given the circumstances of the offense, the resources necessary to collect larger amounts, and Bopp's ability to pay. The court then heard argument on Bopp's objection. Bopp argued, "Because the victims [identified in the addendum] were not alleged in the count to which Mr. Bopp has pleaded

No. 22-10267

guilty, any order of restitution would be inappropriate and would constitute a sentence in excess of the statutory maximum . . . ." The Government responded that the indictment's images were *examples* of the images found on the phone and did not bear on the extent of the charged conduct—possession of the phone. The district court agreed with the Government. It sentenced Bopp to 151 months' imprisonment and lifetime supervised release. It also ordered Bopp to pay $3,000 in restitution to each of the victims whom the Center had identified.

Bopp timely appealed.

## II

Bopp challenges the district court's restitution award. He argues that restitution was available only for those victims who appeared in the four images that Count One described. We "review the legality of the district court's order of restitution de novo."[1] If we conclude "that an award of restitution is permitted by the appropriate law," we then review "the propriety of a particular award for an abuse of discretion."[2]

The Government moved to dismiss Bopp's appeal, citing the plea agreement's appeal waiver. We express no view on that motion. Instead, we exercise our discretion to decide the case on the merits.[3] Accordingly, we DENY AS MOOT the Government's motion to dismiss.

Victims of certain crimes involving child pornography are entitled to an "order of restitution . . . direct[ing] the defendant to pay the victim . . . the

---

[1] *United States v. Norris*, 217 F.3d 262, 271 (5th Cir. 2000) (citation omitted).

[2] *Id.* (citation omitted).

[3] *See United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018).

No. 22-10267

full amount of the victim's losses."[4] That amount "includes any costs incurred . . . as a proximate result of all trafficking in child pornography offenses involving the same victim."[5] A "victim" is an "individual harmed as a result of a commission of a crime under [18 U.S.C. §§ 2251–2560a]."[6] Finally, "the term 'a crime' refers to the offense of conviction."[7]

Bopp pleaded to the "crime" of knowingly possessing a phone that contained child pornography, including that of prepubescent minors in violation of § 2252A(a)(5)(B) and (b)(2). Section 2252A(a)(5)(B) criminalizes possessing "material" containing pornographic images—no matter how many images the material contains. That is why "each 'material,' or medium, containing an image of child pornography" is a separate offense.[8] Bopp admitted possessing material (a phone) that contained child pornography. Bopp's "victims" are the individuals who appear in the images from his phone. Bopp's crime (possessing the phone) plainly "involves" these victims (whose images appeared on the phone).[9] Under the statute, then, *all* of the victims are therefore entitled to restitution—whether or not the indictment included images depicting them.

The indictment charged Bopp with a crime, but Bopp has identified no rule or statute that would require the indictment to also include

_____

[4] 18 U.S.C. § 2259(b)(1).

[5] *Id.* § 2259(c)(2).

[6] *Id.* § 2259(c)(4).

[7] *Paroline v. United States*, 572 U.S. 434, 445 (2014).

[8] *See United States v. Woerner*, 709 F.3d 527, 540 (5th Cir. 2013); *cf. United States v. Planck*, 493 F.3d 501, 503–05 (5th Cir. 2007) ("Through different transactions, Planck possessed child pornography in three separate places—a laptop and desktop computer and diskettes—and, therefore, committed three separate crimes.").

[9] 18 U.S.C. § 2259(c)(2).

descriptions of *all* the images or *all* the victims. On the contrary, the indictment tracks the statute's language: "Specifically, Bopp possessed one Motorola Moto G Stylus android cellular phone that contained the following described image files visually depicting a prepubescent minor engaged in sexually explicit conduct . . . ." The object of the possession in the indictment is clearly the "Motorola Moto G Stylus," not any of the images. The indictment's reference to the four images does not change the operative action for conviction—possession of the phone containing the images.

The factual resume confirms this understanding. It lists the elements of the crime as focused on Bopp possessing an "item" or "material" that contained child pornography. There is no element of possession of specific images. Indeed, if there were, we would be talking about a different offense.[10] To be sure, the enhancement in § 2252A(b)(2) requires there be at least one image of a prepubescent minor. But that does not change the elements of § 2252A(a)(5)(B). The only logical reading of the factual resume is that the specific images were included as examples for the enhancement. The resume states, "Bopp admits that he knowingly possessed child pornography, and that he knew the files depicted real minors engaged in sexually explicit conduct. Bopp also knew that *some* of the images he possessed depicted a prepubescent minor engaged in sexually explicit conduct." (emphasis added). If the indictment targeted only the four images containing the prepubescent minors, then the factual resume would not refer to only "some" images having that characteristic.

Bopp's contrary contentions confuse the elements of the offense that he pleaded to. He argues that the indictment's four images merely

_____

[10] *See, e.g.*, 18 U.S.C. § 2252A(a)(2)(A) (making it a crime to knowingly receive the child pornography itself).

"particularized the real-world facts underlying one of the charged crime's *elements*." (emphasis added). He continues that the indictment's reference to "*the* following described image files" as limiting the scope of the indictment to the four specified images because "the following" communicates exclusivity. These arguments misconstrue the elements of § 2252A(a)(5)(B). That statute criminalizes possession of material containing child pornography. The phone was that "material," no matter whether it contained one image or twenty thousand. Bopp's appears to suggest that Government thought the images were an element of the crime. We disagree. The indictment's reference to the specific images does not create any new *elements* of the offense. And no element of § 2252A(a)(5)(B) focuses on possession of specific images.[11] Factual allegations cannot limit the scope of an offense if they do not go to an element of that offense.

Bopp points to *United States v. Reasor*[12] as a case exemplifying and supporting his position. But again, he incorrectly assumes that possessing specific images is an element of the offense. In *Reasor*, the prosecution tried to substitute a different entity as the victim of the crime to satisfy a crime's interstate commerce element.[13] *Reasor* is thus inapplicable here. The images are not an element of the crime; only the "material" is. Our cases on whether an indictment's temporal language limits the scope of restitution for fraudulent schemes which Bopp cites are also irrelevant for the same reason. In those cases, as in *Reasor*, allegations about the length of that scheme go to an element of the offense (the fraudulent scheme). Not so here. The

---

[11] *See United States v. Terrell*, 700 F.3d 755, 764 (5th Cir. 2012) (listing the elements as "(1) knowingly possessed material that contained an image of child pornography and (2) a jurisdictional nexus" (citation and internal quotation marks omitted)).

[12] 418 F.3d 466 (5th Cir. 2005).

[13] *See id.* at 474.

allegations about the required elements begin and end with possession of the phone. Allegations about the images are not allegations that go to any *element* of the offense.

Bopp does not otherwise challenge the restitution order. He does not deny that his phone had images of the victims identified in the restitution order. And he does not deny that the victims were harmed by his possessing a phone containing their images as stated in their victim statements. We also see no error with the district court's finding and amount of restitution. Accordingly, the district court did not err.

AFFIRMED.