# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-30329
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kenny James Len Choate,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:22-CR-111-1

---

Before Willett, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Kenny James Len Choate was charged in a six-count indictment for possession and receipt of child pornography. Pursuant to a plea agreement, Choate pleaded guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). He was sentenced to 240 months of imprisonment and ordered to pay a total of $103,000 in restitution to identified victims.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30329

For the first time on appeal, Choate argues that the district court plainly erred under 18 U.S.C. § 2259 by awarding restitution to the victims of charges that were included in the indictment but were dismissed following his plea deal. According to Choate, restitution should have been ordered only for his "offense of conviction"—that is, for the one count to which he pleaded guilty.

It is true that defendants convicted of certain crimes involving child pornography are statutorily obligated to pay restitution to only those victims identified in the "offense of conviction." *See United States v. Bopp*, 79 F.4th 567, 571 (5th Cir. 2023); *see also United States v. Maturin*, 488 F.3d 657, 660-61 (5th Cir. 2007) ("[T]he restitution award can encompass only those losses that resulted directly from the offense for which the defendant was convicted."). But defendants can agree, pursuant to a plea agreement, to pay restitution "to persons other than the victim of the offense." 18 U.S.C. § 3663(a)(3). And that is what Choate did here. His plea agreement provides that he would "make restitution to the victim(s) in this case." The plain meaning of the phrase "this case" is broad enough to encompass victims of the charges not only included in Choate's plea agreement but also those in the indictment. *Case*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A civil or criminal proceeding, action, suit or controversy at law or in equity."). The broader meaning of "this case" also tracks with how that phrase was used elsewhere in the plea agreement. In subsection B, for example, Choate agreed to "appear in open court and plead guilty to Count 2 of the Indictment pending in this case."

Choate, for his part, argues that "this case" is ambiguous at best and that, in any event, it should be strictly construed against the government. *See United States v. Elashyi*, 554 F.3d 480, 501 (5th Cir. 2008) ("[A] plea agreement is construed strictly against the Government as drafter."). He also points to a handful of unpublished decisions that he says show how the

government routinely uses alternative language in plea agreements when it seeks to expand restitution beyond the "offense of conviction."[1]

We are unpersuaded. If indeed "this case" is ambiguous, Choate cannot show on plain-error review why his interpretation of it is not "subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009). Nor are we inclined to say that the district court's understanding of it was "clear or obvious" error, *id.*, particularly when Choate's reading would render the plea agreement's restitution clause meaningless. *See United States v. Cluff*, 857 F.3d 292, 298 (5th Cir. 2017) ("In interpreting terms of a plea agreement, courts are to apply general principles of contract law."). As even Choate acknowledges, the one victim in his "offense of conviction" was not among the many who requested restitution. Under Choate's interpretation, then, he owes $0 in restitution—an interpretation that sits uncomfortably with his submission below that he "d[id] not oppose the government's request for the statutory minimum of $3,000 for victims whose images appeared in the evidence in this case." We are thus unmoved to vacate the district court's restitution order as plain error.

AFFIRMED.

---

[1] *See, e.g.*, *United States v. Childers*, 740 F. App'x 417, 418 (5th Cir. 2018) ("Pursuant to his plea agreement, [the defendant] agreed 'that restitution in this case is not limited to the offense of conviction . . . .'"); *United States v. Lopez*, 684 F. App'x 375, 376 (5th Cir. 2017) ("[The defendant's] plea agreement specifically provided that he would pay 'full restitution' to all victims 'regardless of the count(s) of conviction.'"); *United States v. Herrera*, 606 F. App'x 748, 751 (5th Cir. 2015) (observing that the defendant's plea agreement provided that her restitution "may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone").